United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 17-12770-mdc
Richardson Burgess                                                    Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Christina           Page 1 of 1            Date Rcvd: Oct 01, 2018
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 03, 2018.
db              +Richardson Burgess,    139 Crum Creek Drive,    Woodlyn, PA 19094-1908

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2018                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 1, 2018 at the address(es) listed below:
              ASHLEY M. SULLIVAN    on behalf of Debtor Richardson   Burgess asullivan@freedmanlorry.com,
               hbanks@freedmanlorry.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    Federal National Mortgage Association ("Fannie
               Mae") ecfmail@mwc-law.com
              CORINNE SAMLER BRENNAN    on behalf of Creditor    Franklin Mint Federal Credit Union
               cbrennan@klehr.com,    nharrison@klehr.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Federal National Mortgage Association ("Fannie Mae")
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust
               bkgroup@kmllawgroup.com
              SOLEIMAN RAIE    on behalf of Debtor Richardson   Burgess sraie@freedmanlorry.com,
               hbanks@freedmanlorry.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richardson Burgess <br>     Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust <br>     Movant <br> vs. | NO. 17-12770 MDC |
| Richardson Burgess <br>     Debtor <br><br> Constance Burgess     Co-Debtor <br><br> William C. Miller Esq. <br>     Trustee | 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$21,205.94**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2017 at $1,340.71/month |
| | June 2017 to July 2018 at $1,355.01/month |
| | August 2018 at $1,134.19/month |
| Suspense Balance: | $1,270.10 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$21,205.94** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$21,205.94.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$21,205.94** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2018 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $1,134.19 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 16, 2018

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date:  9/21/18

Ashley M. Sullivan, Esquire
Attorney for Debtors

Date:  9/25/18

William C. Miller, Esquire
Chapter 13 Trustee   *NO OPPOSITION without prejudice to any trustee rights or remedies

Approved by the Court this  1st  day of  October , 2018. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Bankruptcy Judge
Magdeline D. Coleman